a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

DAMARCUS SCALES,                        CIVIL DOCKET NO. 1:20-CV-0139-P
Plaintiff

VERSUS                                  JUDGE DRELL

KEVIN SANDERS, *ET AL.*,                MAGISTRATE JUDGE PEREZ-MONTES
Defendants

## REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 (ECF Nos. 1, 6) filed by *pro se* Plaintiff Damarcus Scales ("Scales") (#503819). Scales is an inmate at the Natchitoches Parish Detention Center in Natchitoches, Louisiana. Scales seeks compensatory damages for an allegedly wrongful conviction. (ECF Nos. 1, 6). He names as defendants Judge Mary L. Doggett, Assistant District Attorney Kevin Sanders, and Allen Smith III.

Because Scales's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), the Complaint (ECF Nos. 1, 6) should be DENIED and DISMISSED.

## I.    Background

Scales alleges that he was wrongfully convicted of manslaughter in the Ninth Judicial District Court. ECF No. 6 at 3. Scales alleges that the assistant district attorney withheld exculpatory evidence, that the trial judge was biased, and that his attorney provided ineffective assistance and conspired against Scales. ECF No. 6 at 4. Scales also claims that he was coerced into pleading guilty. *Id.* at 5. Scales seeks monetary damages from Defendants.

II.    Law and Analysis

    A.    Scales's Complaint (ECF Nos. 1, 6) is subject to screening under 28 U.S.C. § 1915A.

As prisoner seeking redress from an officer or employee of a governmental entity, Scales's Complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (*per curiam*). Because he is proceeding *in forma pauperis*, Scales's Complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of the Complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

### B.   Scales's claim is barred by *Heck v. Humphrey.*

Scales seeks monetary damages because his conviction was allegedly obtained through coercion, his appointed attorney conspired against him, and the judge was biased. *See id.* at 4.

In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck*, 512 U.S. at 486–87.

An award of damages for Scales's claim that his conviction and sentence were unlawfully obtained directly implies the invalidity of his conviction, which has not been reversed, expunged, or called into question by the issuance of a writ of habeas corpus. Therefore, Scales's claim is barred by *Heck*.

### III.   Conclusion

Because Scales's claims are barred by *Heck*, IT IS RECOMMENDED that the Complaint (ECF Nos. 1, 6) be DENIED and DISMISSED under § 1915A, WITH PREJUDICE to being asserted again until the *Heck* conditions are met.[1]

---

[1] *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (order of dismissal should read: "Plaintiffs claims are dismissed with prejudice to their being asserted again until the *Heck* conditions are met.")

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court.  The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 6th day of April 2020.

_____

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE